# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Nicole M. Tanata, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. 3:06-cv-84 |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

---

### MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

### SUMMARY OF DECISION

Because there is substantial evidence in the record as a whole supporting the Commissioner's final decision the Defendant's Motion for Summary Judgment is GRANTED and the Plaintiff's Motion for Summary Judgment is DENIED.

### STATEMENT OF THE CASE

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401-433 wherein the claimant seeks judicial review of the final determination of the Commissioner of Social Security finding that she was not entitled to disability insurance benefits (hereafter "DIB"). The Plaintiff filed protectively for DIB under the act alleging that she became disabled

1

on December 31, 2002 (Tr. 66) due to epilepsy, hemolytic anemia, depression, fybromyalgia, factor V Lieden blood disorder, and an immune deficiency (Tr. 82).  Her application was denied (Tr. pp. 40-58).  Plaintiff requested a hearing before an administrative law judge (Tr. 59).  The hearing was held on January 3, 2006. (Tr. 414-61).  Plaintiff, her witness Barb Hanson and a vocational expert testified at the hearing.  (Tr. 414-61).  The Administrative Law judge (ALJ) considered the evidence presented and issued an unfavorable decision on May 23, 2006. (Tr. 10-30).  The ALJ found that although the Plaintiff  suffered from a severe impairment or combination of impairments, and was unable to perform her past relevant work requiring light or medium exertion (Tr. 28) she could perform other jobs which existed in significant numbers in the national economy (Tr. 29-30).  The ALJ found Plaintiff was not disabled under the Social Security Act. (Tr. 30).  Plaintiff's appeal was denied by the Appeal Council on August 11, 2006 (Tr. 5-7). The decision of the ALJ became the final decision of the Commissioner by operation of law.  See, 42 C.F.R. § 404.981 (2004).  She now seeks judicial review upon exhaustion of his administrative remedies under 42 U.S.C. 405(g).  Clerk's Docket #3, (D.N.D. 2006)(File No. 3:06-cv-00084)(October 6, 2006).  Plaintiff moved for summary judgment on January 26, 2007. Id. at Clerk's Docket # 13.  The Commissioner also moved for summary judgment. Id. at Clerk's Docket # 16.  Plaintiff's attorney passed away after the case was submitted to this court. Attorney Alan C. Erickson was substituted as Plaintiff's attorney on December 13, 2007. Clerk's Docket 22.

The Plaintiff was born in 1969 and was age 33 at the time of the alleged onset of her alleged disability.  (Tr. 418).  She is currently 39 years of age.  She completed high school and one year of college. (Tr. 420).  She is married and has two children who were two and seven

2

years old at the time of the hearing.  (Tr. 410).   Plaintiff has  relevant past work history as

cashier, phlebotomist, restaurant hostess, certified nurses assistant and fast food worker.  (Tr. 83,

97-98, 113-20, 147, 456).  The ALJ has determined that Plaintiff is unable to perform any of her

past relevant work.  (Tr.28).

The ALJ found Plaintiff to have a number of medically determinable impairments

including a seizure disorder, hereditary spherocytosis, fibromyalgia, factor V Leiden mutation,

chronic Parvovirus B-19 infection, a major depressive disorder and an anxiety disorder.  (Tr. 17).

The ALJ found that these medically determinable impairments place more than slight or minimal

limitations on claimant's ability to perform work related activities and that they constitute

"severe' impairments under the Social Security Act.  (TR. 17).  The ALJ analyzed each of these

medical conditions in his findings.  He noted that the record supported a finding that the

hereditary sperocytosis, status post laparoscopic spenectomy and cholecystectomy in January

2004, factor V Leiden mutation and chronic Parovirus B-19 infection place more than a slight or

minimal limitation on Plaintiff's ability to perform basic work related activity and thus

constituted "severe" impairments.  (Tr. 19).  The ALJ also found that the seizure disorder,

fybromyalgia , the depressive disorder and anxiety disorder were also "severe".  (Tr.19).  The

ALJ noted however that the fibromyalgia functional capacities report by Dr. Fiksinski was based

primarily on the subjective complaints by Plaintiff which led the ALJ to find that he could not

assign Dr. Fiksinski's functional capacities report  significant weight.  (Tr. 21).  Finally the ALJ,

relying on the report of Dr. Fitzgerald, Plaintiff's treating neurologist, found that her seizure

disorder did not result in any severe functional limitations.  (Tr. 22).  The ALJ also considered a

"Function Report" completed by Plaintiff's mother that detailed health problems from the time

Plaintiff was two months of age, including spinal meningitis resulting in left arm paralysis, and developmental delays. (Tr. 17) She was taking Dilantin an anti-convulsant medications since age six. (Tr. 18). She also pointed out that Plaintiff had two inherited blood disorders that were passed on to Plaintiff's children. (Tr. 18)

The ALJ also considered a report by Dr. Okoro dated February 22, 2006 which summarized Plaintiff's medical history. (Tr. 18). He ordered tested and then diagnosed Plaintiff as suffering from the conditions listed above. (Tr. 19). He also reviewed the evaluation and medical records of Dr. Andrew McLean M.D., Plaintiff's treating psychiatrist, noting a "GAF score of 71. (Tr. 30).

The ALJ then assessed whether these medical impairments though "severe" were attended with specific clinical signs and diagnostic findings required to meet or medically equal the requirements set forth in the Listing of impairments in 20 C.F.R Part 404. (Tr.23). The ALJ determined that though the impairments were severe they did not meet or medically equal the clinical criteria listed in 20 C.F.R Part 404 because they are not attended with the specific clinical signs or diagnostic findings set forth in the Listing of Impairments. (Tr.23).

The ALJ also determined that Plaintiff was unable to perform any of her past relevant work. The ALJ noted that all Plaintiff's past work was light to medium in exertion level. (Tr.28). The ALJ found that Plaintiff retains the residual functional capacity to perform a wide range of sedentary work activity. (Tr.23). The ALJ discounted Plaintiff's subjective complaints of pain, headaches, sleeping difficulties, petit mal seizure activity fatigue, anxiety, attention and concentration difficulties, depression, medicine side effects and an inability to function two out of five days of the week. (Tr. 25). The ALJ reasoned that Plaintiff had a longstanding history of

4

medical conditions but managed to perform past substantial gainful activity. (Tr. 24). He relied on the report of Plaintiff's treating neurologist who reported only limited petit mal seizure activity which did not interfere with Plaintiff's activities of daily living. (Tr. 25). This was inconsistent with the seizure activity reported by Plaintiff at the hearing. (Tr. 25). The ALJ also noted that Dr. Fiksinski, upon whose report Plaintiff relies, described Plaintiff as comfortable alert and oriented. (Tr. 25). She described good range of motion in her wrists, hips shoulders knees and ankle joints. (Tr 26, 405-13). The ALJ discounted the "Fibromyalgia Residual Functional Capacity Questionnaire" because it lacked "significant objective clinical findings". (Tr. 26).

The ALJ further noted that though Plaintiff testified to suffering from constant pain, daily headaches seizure activity, depression, anxiety, and concentration activities, she is the primary caretaker of the her two children, she attends church, watches television, works on her computer and helps her seven year old with his homework. She takes care of her personal needs bathes her children, does household chores, cooks cleans, washes dishes and does laundry. (Tr.26). The ALJ also noted that the medical consultants working for Disability Determination Services found that claimant retained the physical residual functional capacity for medium exertional work, a conclusion the ALJ concluded was too high a work level but supporting his conclusion that she retained at least the ability to do sedentary work. (Tr. 27).

Finally at the hearing the vocational witness testified in response to a hypothetical question whether jobs existed in the national or regional economy for an individual with Plaintiff's education and physical and mental impairments. The expert testified that the hypothetical individual could work as a food and beverage clerk, a charge account clerk, and as

an information clerk.  (Tr 29).  These jobs were described as unskilled and sedentary. (Tr. 29).

<i>DISCUSSION</i>

The standard of review applied to determinations of the Commissioner is deferential, and the Commissioner's findings are to be affirmed if supported by substantial evidence in the records as a whole.  <u>Dixon v. Barnhart</u>, 353 F.3d 602, 604 (8th Cir. 2003).  Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  <u>Sultan v. Barnhart</u>, 368 F. 3d 857, 862 (8th Cir. 2004).  In order to determine whether evidence is substantial, the court considers "evidence that detracts from the commissioner's decision as well as the evidence that supports it."  <u>Id</u>. at 863.  The Commissioner's decision is not subject to reversal simply because the reviewing court would have reached a different conclusion or because substantial evidence also exists which would support a contrary outcome.  <u>Id</u>.   If after review the court is capable of drawing two inconsistent positions and one of those positions represents the Commissioner's findings, the decision must be affirmed.  <u>Dixon v. Barnhart</u>, 353 F.3d 6602, 605 (8th Cir. 2003).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  If the claimant succeeds, the burden of persuasion shifts to the commissioner to establish that plaintiff can perform some other type of substantial gainful employment in the national economy.  <u>Clark v. Shalala</u>, 28 F.3d 828, 830 (8th Cir. 1994).

The claim is analyzed pursuant to a five-part test: (1) is the claimant currently engaged in

6

substantial gainful activity? (2) Does the claimant have a severe impairment or combination of impairments? (3) Does the impairment meet or equal an impairment listed at 20 C.F.R. pt. 404, Subprt. P, app. 1? (If so, disability is automatic); (4) Does the impairment prevent the claimant from doing past relevant work?  And (5) Does the impairment prevent the claimant from performing any other work that exists in the regional or national economy in significant numbers. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See, 20 C.F.R. §404.1520 (2002). When a determination that an individual is or is not disabled can be made at any step, evaluation under a subsequent step is unnecessary.  See, Bartlett v. Heckler, 777 F.2d 1318, 1319 (8th Cir. 1985).  At the final stage only is it permitted to consider the claimant's age, education and work experience in light of his or her residual functional capacity.  McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §404.1520 (2002).

        The record supports the ALJ's findings that Plaintiff has not engaged in substantial gainful activity since the onset of her alleged disability.  The record also supports the ALJ's conclusion that Plaintiff has medically determinable impairments which place more than slight or minimal limitations on Plaintiff's ability to perform work related activities and that they constitute "severe" impairments with in the meaning of the Social Security Act.  The record also supports the findings that Plaintiff is unable to perform any of her past relevant work.  Thus the only questions on review are whether Plaintiff continues to have residual functional capacity to perform sedentary work and whether jobs exist in the regional or national economy that Plaintiff could perform.  Plaintiff relies on the reports of Dr. Tina Heisler, a psychologist and Dr. Magdalena Fikinski M.D., a rheumatologist both of whom opined that Plaintiff was unable to maintain any type of employment. (Tr. 227, 410-413).

        The ALJ should give more weight to the opinion of a doctor who has treated a patient over

the course of month or years. <u>Strongson v. Barnhart</u>, 361 F3d 1066, 1070 (8th Cir. 2004).  However an ALJ need not give controlling weight to a physicians residual functional capacity assessment that is inconsistent with other substantial evidence in the record.  <u>Id</u>.  It is clear from the record that the ALJ considered the reports of both Heisler and Fikinski.  The ALJ agreed that Plaintiff suffered from fibromyalgia and that the impairment was severe. (Tr. 22).  The ALJ rejected the conclusion that Plaintiff could not do sedentary jobs finding the report inconsistent with other medical evidence and Plaintiff's testimony.  (Tr. 22). This conclusion is supported by the residual functional capacities assessments performed by the DDS physicians.  (Tr.238-249).

Dr Heisler stated that Plaintiff was unemployable.  (Tr. 227).  This conclusion is not supported by the other mental health professionals seen by Plaintiff.  Dr. Chen, treating psychiatrist concluded that Plaintiff had only mild mental functional limitations.  (Tr. 273).  Because the evidence was conflicting the ALJ was entitled to weigh it make his determination after assessing Plaintiff's credibility.

The Court has reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearing, and the additional medical and documentary evidence.  The court finds the reliance by the ALJ on the DDS physician's REC (Tr. 238-45) troubling, especially because the ALJ discounted the DDS physician opinion of ability to do medium work.  However the standard of review is deferential and that it is not proper for the Court to substitute its own notions of the evidence and it's import so long as there is substantial evidence in support of the Commissioner's findings in the record as a whole.  <u>Dixon v. Barnhart</u>, 353 F.3d 602, 604 (8th Cir. 2003).   As a result of the Court's review, the Court concludes that there is substantial evidence in the record as a whole to support the ALJ's decision even if the court might have reached a different conclusion.

**IT IS HEREBY ORDERED** that the Plaintiff's motion for summary judgment is

**DENIED.**

**IT IS FURTHER ORDERED** that the Defendant's motion for summary judgment is

**GRANTED.**


Dated this 31[th] day of March, 2008,


_____/s/_____

Ralph R. Erickson

District Judge